USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL D. CHAVIS,  :

        Petitioner,  : 11 Civ. 2176 (BSJ) (GWG)

  -v.-  : OPINION AND ORDER

DETECTIVE RICHARD CASTELHANO, et al.,  :

        Respondent.  :
------------------------------------------------------------X

**BARBARA S. JONES, UNITED STATES DISTRICT JUDGE**

    The complaint in this matter was filed on March 24, 2011. On May 12, 2011, the Court directed plaintiff to serve the summons and complaint against the defendants within 120 days of the issuance of the summons. The summons was issued on May 13, 2011. Accordingly, plaintiff was required to make service by September 12, 2011. No such service has been made, however. The May 12, 2011 Order further warned plaintiff that "[i]f service has not been made within the 120 days, and Plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure."

    The docket sheet reflects that the materials sent to plaintiff by the Pro Se Office to effectuate service were returned as undeliverable on May 19, 2011. In addition, the New York State Department of Corrections website reflects that plaintiff was released on parole on May 10, 2011. The United States Marshals report that there has been no request for service on the part of the plaintiff. Plaintiff has never supplied an address to the Court other than an address in prison. Thus, the Court has no way to reach plaintiff to remind him of his obligations to prosecute this case.

In light of these facts, this case is dismissed without prejudice. See also Dumpson v. Goord, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (plaintiff's failure to provide contact information warrants dismissal of action); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("the very fact that [plaintiff] has been inaccessible for the last two months – without notifying the Court, the Government, or the Pro Se Office of a change of address – strongly suggests that he is not diligently pursuing this claim"). The Clerk is requested to enter judgment.

Dated: September 21, 2011
New York, New York

BARBARA S. JONES
United States District Judge